VAN DYKE, P. J.
 

 This is an appeal from a judgment entered upon a jury’s verdict which found appellant guilty of second degree robbery.
 

 The victim of the robbery was Mrs. Walter Freeborn who, together with her husband, operated a grocery store in Lake County. On the evening of November 15, 1958, Mrs. Freeborn was alone in the store when two young men entered. One wore a black and white striped shirt and a black and white striped jacket. Both were clean shaven and well groomed. Neither wore a mask. They threatened Mrs. Freeborn, ordered her to open the cash drawer and lie down on the floor. They took approximately $100 in currency, and left in a light-colored car. Mrs. Freeborn immediately telephoned the sheriff's office and described the men and their automobile. A roadblock was set up and within 15 or 20 minutes thereafter an officer stopped a yellow hardtop in which appellant, his codefendant Brustol, and a third young man were riding. Appellant was wearing a black and white striped shirt and a black and white striped jacket. Upon request the three men accompanied the officers
 
 *363
 
 to the Freeborn grocery where Mrs. Freeborn unequivocally identified appellant and Brustol as the two men who had robbed her. Appellant and Brustol were searched and found to have in excess of $100 in currency.
 

 Appellant does not, and could not successfully, contend that the evidence is insufficient to support the verdict. However, he does contend that the instructions given by the trial court were erroneous and inadequate in that the jury were not instructed that specific intent is an essential element of robbery and that intoxication may be considered in determining the question of intent.
 

 The trial court read the statutory definition of robbery (Pen. Code, § 211), and, at appellant’s request, instructed the jury: “In every crime or public offense there must exist a union or joint operation of act and intent. To constitute criminal intent it is merely necessary that a person intend to do an act which, if committed, will constitute a crime. When a person intentionally does that which the law declares to be a crime, such person is acting with criminal intent even though he may not know that such act is unlawful and even though there be no bad motive.’’
 

 Upon its own motion the court further instructed the jury: “A person must be presumed to intend to do that which he voluntarily and wilfully does in fact do; and in the absence of satisfactory proof to the contrary it is presumed that a person intends all the natural, probable and usual consequences of his own acts, and that an unlawful act was done with an unlawful intent. ’’
 

 No other instructions in respect to intent were given or requested. The court’s failure to instruct the jury that specific intent is an essential element of the crime of robbery was clearly erroneous.
 
 (People
 
 v. Sanchez, 35 Cal.2d 522, 526-528 [219 P.2d 9].) However, upon examination of the entire record it appears that the error was not prejudicial. No other verdict than a guilty verdict was probable had the jury been properly instructed on specific intent.
 

 Appellant did not request any instruction on the effect of intoxication and such an instruction would have been of doubtful propriety. Although appellant had consumed beer during the afternoon, there was no evidence that he was intoxicated at the time of the robbery.
 

 The judgment is affirmed.
 

 Peek, J., and Schottky. J., concurred.